# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YUANTONG LIANG a/k/a TONY LIANG | No. 1:24-cr-00140-JAW |

## AGREEMENT TO PLEAD GUILTY

The United States of America, by and through Craig M. Wolff, Acting United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, and Yuantong Liang a/k/a Tony Liang (hereinafter "Defendant"), acting for himself and through his counsel, Thimi R. Mina, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. <u>Guilty Plea</u>. Defendant agrees to plead guilty to Counts One and Eleven of the Indictment herein charging Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344 and 1349 and Maintaining a Drug-Involved Premises in violation of 21 U.S.C. § 856, respectively, pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). The United States agrees that it will move to dismiss Counts Two, Three, Four, Six, Seven, Eight, Nine, Ten, Twelve, Thirteen, and Fifteen of the Indictment pursuant to Fed. R. Crim. P. 11(c)(1)(A) at the time of sentencing. The parties agree and understand that if the Court should deny that motion to dismiss, the provisions of Fed. R. Crim. P. 11(c)(5) will apply.

2. <u>Sentencing/Penalties.</u> Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

A. A maximum prison term of 30 years on Count One and a maximum prison term of 20 years on Count Eleven;

B. A maximum fine of $1,000,000 on Count One and a maximum fine of $500,000 on Count Eleven;

C. A mandatory special assessment of $100.00 for each count of conviction, which Defendant agrees to pay at or before the time that Defendant enters a guilty plea; and

D. A term of supervised release of not more than five years on Count One and three years on Count Eleven. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to three additional years in prison on Count One and up to two additional years in prison on Count Eleven for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

In addition to the other penalties provided by law, the Court may also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

3. <u>Appeal Waivers</u>. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

B. A sentence of imprisonment that does not exceed 51 months.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

4. New Criminal Conduct. Defendant agrees that he will not commit any other federal or state crime.

5. Consequences of Breach. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder, and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

   A. The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

   B. Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

6. Speedy Trial Waiver. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court

determines that Defendant has breached this Agreement, as set forth in Paragraph 6 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7. <u>Validity of Other Agreements; Signature</u>. This Agreement supersedes any prior understandings, promises, or conditions between the United States and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 7/2/2025

Yuantong Liang, Defendant

I am legal counsel for Yuantong Liang. I have carefully reviewed every part of this Agreement with Yuantong Liang. To my knowledge, Yuantong Liang's decision to enter into this Agreement is an informed and voluntary one.

Date: 7-7-25

Thimi R. Mina, Esquire
Attorney for Defendant

FOR THE UNITED STATES:

Craig M. Wolff
Acting United States Attorney

Date: 17 July 2025

Andrew K. Lizotte
Assistant U.S. Attorney

Approved:

Supervisory Assistant U.S. Attorney

Revised 4/11/2022

5