UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YONGLIANG DENG<br>A/K/A DAVID DENG | No. 1:24-cr-00140-JAW-02 |

**GOVERNMENT'S REPLY SENTENCING MEMORANDUM**

The United States of America, by and through its attorneys, Andrew B. Benson, United States Attorney for the District of Maine, and Alisa Ross, Assistant United States Attorney, hereby submits this memorandum in reply to Defendant Deng's sentencing memorandum. (Dkt. # 117.)

With respect to the mitigating role reduction, the Government previously indicated that for the first step of the analysis, the "universe of participants" included renters, electricians, and other individuals. (Dkt. # 118 at pg. 8.) *See United States v. Guía-Sendeme*, 134 F.4th 611, 617 (1st Cir. 2025). However, upon further review, the Government respectfully submits that the "universe of participants" in this matter is more limited and involves a consideration of those involved in the Defendant's offense conduct and any relevant conduct of the Defendant pursuant to U.S.S.G. § 1B1.3.

Specifically, this determination is made by looking at the Defendant's offense conduct and "all conduct within the scope of [U.S.S.G.] § 1B1.3 (Relevant Conduct) . . . ." *Guía-Sendeme*, 134 F.4th at 619 (quoting U.S.S.G. ch.3, pt. B, introductory cmt.). A court "must appraise a defendant's role 'in the specific criminal activity for which he is being held accountable' and not 'in the broader conspiracy.'" *Guía-Sendeme*, 134 F.4th at 621 (quoting *United States v. Arias-Mercedes*, 901 F.3d 1, 6 (1st Cir. 2018)).

In this matter, the Government submits that the participants are the Defendant and coconspirator Yuantong "Tony" Liang.[1] In terms of the Defendant's offense conduct, the Defendant agreed with coconspirator Liang to defraud the victim bank by obtaining mortgage financing based on false representations and promises, including that the Defendant was the actual applicant and borrower who intended to occupy and use the Eddington property as his primary residence. The Defendant conspired and agreed with Liang to commit bank fraud with respect to the Eddington property.

The participants in this conduct are the Defendant and coconspirator Liang. No other participants were identified as being involved with the Defendant's specific criminal activity or relevant conduct. *See Guía-Sendeme*, 134 F.4th at 621 (quoting *Arias-Mercedes*, 901 F.3d at 6) (reasoning that in determining the universe of participants, a sentencing court should "'consider a universe composed of those involved in '[the] relevant conduct as a whole'" (citation and quotation marks omitted)). *See also* U.S.S.G. § 1B1.3, cmt. n.3(B), ("Accordingly, the accountability of the defendant for the acts of others is limited by the scope of his or her agreement to jointly undertake the particular criminal activity. Acts of others that were not within the scope of the defendant's agreement, even if those acts were known or reasonably foreseeable to the defendant, are not relevant conduct under subsection (a)(1)(B).").

Second, in terms of the continuum of culpability, the Government agrees that the Defendant is less culpable than coconspirator Liang. Finally, for reasons expressed in

---

[1] The universe of participants may also include any known individual(s) involved in the purchase or sale of the Eddington property if they had requisite knowledge about the fraud. In this matter, a realtor was identified as assisting with the purchase of the property, but there is nothing in the PSR to establish that the realtor *knew*: that Liang (and not the Defendant) had submitted the mortgage application, that the Defendant was not the actual applicant or borrower, or that the property was not going to be used as the Defendant's primary residence at the time of application.

the Government's original sentencing memorandum, the Government respectfully submits that the Defendant's conduct shows he is an average participant, and not a minor participant, in the criminal activity.

Date: August 3, 2026

Respectfully submitted,

ANDREW B. BENSON
United States Attorney

BY: ***/s/ Alisa Ross***
Alisa Ross
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Room 111
Bangor, ME 04401
(207) 945-0373
Alisa.Ross@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2026, I filed the Government's Reply Sentencing Memorandum with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

James Nixon, Esq.,
Counsel for Yongliang Deng

ANDREW B. BENSON
United States Attorney

BY: ***/s/ Alisa Ross***

Alisa Ross
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Room 111
Bangor, ME 04401
(207) 945-0373
Alisa.Ross@usdoj.gov